**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

FILED by [illegible] D.C.
JUL 20 2011
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

Sealed

SCHAEFFLER TECHNOLOGIES GmbH & CO., KG, f/k/a SCHAEFFLER KG,

Plaintiff,

v.

BRASTATES IMPORT & EXPORT, INC., BBI BRASTATES BEARING INDUSTRIES BBI BRASTATES BEARINGS, INC., BRASTATES BEARING INDUSTRIES, and GUILHERME C. MOREIRA,

Defendants.

08-CIV-20892 (JEM)(STB)

EMERGENCY

**MOTION TO RE-OPEN ACTION TO ENFORCE SETTLEMENT AGREEMENT, MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER & ORDER TO PERMIT DISCOVERY, INVENTORY, SEIZURE, IMPOUNDMENT, AND DISCOVERY, AND MOTION FOR ORDER TO SHOW CAUSE FOR PERMANENT INJUNCTION**

**IN THE UNITED STATES DISTRICT COURT** for the Southern District of Florida, Schaeffler Technologies GmbH & Co, KG, formerly known as Schaeffler KG[1] (hereinafter "Schaeffler"), by its undersigned attorneys, herein moves before this Court for Order re-opening the captioned matter to enforce a settlement agreement entered into between the parties. In addition, as set forth in more detail in the accompanying Memorandum and supporting declarations, Schaeffler also moves this Court for an *Ex Parte* Order pursuant to Rule 65(b):

1. Temporarily restraining and enjoining defendants Brastates Import & Export, Inc., BBI Brastates Bearings Industries, BBI Brastates Bearings Industries, Inc.,

[1] In January 2010, Schaeffler KG underwent a name change to Schaeffler Technologies GmbH & Co., KG. Trademarks formerly owned by Schaeffler KG were assigned, together with all rights related thereto, to the new entity.

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

Brastates Bearings Industries, and Guilherme C. Moreira (collectively, "BBI" or "Defendants"), as well as their officers, agents, servants, employees, warehousemen, warehousers, attorneys and all other persons acting in concert or participation with them or on their behalf, from further acts of unfair competition and trademark infringement by them in the use of Plaintiff's *FAG*® trademark, and particularly from, in any manner, directly or indirectly:

i) using the *FAG*® trademark or any other mark which duplicates or simulates the *FAG*® trademark or which is in any way likely to cause confusion as to the source of Defendants' products;

ii) substantially imitating or making unauthorized use of Plaintiff's *FAG*® trademark;

iii) importing, distributing, circulating, exporting, selling, offering for sale, moving or otherwise disposing of, any product bearing any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar imitation of Plaintiff's *FAG*® trademark whose use is enjoined in subparagraphs i) and iii) above;

iv) using any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar imitation of Plaintiff's *FAG*® trademark;

v) using any false designation of origin or false description (including, without limitation, any letters or symbols) which can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product manufactured, advertised, distributed and/or sold by the Defendants is in any manner associated or connected with Plaintiff, or is sold, licensed, sponsored, approved or authorized by Plaintiff;

vi) engaging in any other activity constituting unfair competition with Plaintiff or constituting an infringement of Plaintiff's trademarks or its rights in or to use or to

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

exploit the same including, without limitation, displaying any of Plaintiff's trademarks on any website operated or controlled by Defendants;

vii) destroying or otherwise disposing of any of the hereinabove mentioned products, or any documents pertaining to them or their acquisition or the sales thereof heretofore made;

viii) passing off Defendants (or any one of them or any employee or representative thereof), as Schaeffler, as a Schaeffler representative, or as an authorized distributor thereof; or

ix) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs i) through viii) above; and

2. Requiring Defendants, upon the request of the U.S. Marshal, to turn over to Plaintiff and/or its employees, agents, counsel, and/or private investigators, for removal and securing by Plaintiff, the following property:

i) all products which display the *FAG*® trademark or any other designation comprising a trademark owned by Plaintiff, as identified by Schaeffler's counsel;

ii) all simulations, reproductions, counterfeits, copies or colorable imitations of Plaintiff's trademarks, as identified by Schaeffler's counsel, and all packages and products bearing the same;

iii) all machinery, related equipment and any other goods or other equipment on Defendants' premises which can be used to make unauthorized duplications of Plaintiff's bearing products carrying the *FAG*® trademark, as identified by Schaeffler's counsel;

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

- 3 -
LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

    iv) all promotional and advertising materials of any kind for Schaeffler's products and/or Defendants' counterfeit and/or infringing products, and the packaging therefor; and

v) all documents, computer disks, hard drives, other electronic memory devices, lists and other records, pertaining to any of the counterfeit and/or infringing products or to the acquisition, sales, or distribution thereof heretofore made;

said property located at 1921 N.E. 153rd Street, North Miami Beach, Florida 33162-6017 and at any other location owned or leased by Defendants or any one of them, where it appears any of the foregoing infringing or counterfeit property is located, including breaking upon, entering and searching for said property and placing it with an appropriate storage facility.

3. Requiring defendant GUILHERME C. MOREIRA and all other principals, officers, and employees of Defendants having knowledge of the facts relating to the importation, distribution, circulation, export, sale, offer for sale, moving or other disposal of any product bearing any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar imitation of Plaintiff's *FAG*® trademark, to appear, at the discretion of counsel for Schaeffler, for deposition at the offices of Lash & Goldberg, Bank of America Tower, 100 S.E. 2nd Street, Suite 1200, Miami, Florida 33131, within 24 hours of the execution of the Order issued pursuant to Schaeffler's request herein, or at such other time and place as to be agreed upon by counsel for Schaeffler.

4. Requiring Defendants to show cause as to why an Order should not be issued:

a. Finding that Defendants have breached the Settlement Agreement between the parties (D.E. No. 29);

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

- 4 -

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

b. Requiring Defendants, jointly and severally, to promptly pay to Schaeffler, by cash, certified check, or wire transfer, the sum of $375,000.00 based on their importation, in violation of the above-referenced Settlement Agreement, of twenty-five (25) counterfeit bearings, of two types;

c. Requiring Defendants, jointly and severally, to pay Schaeffler's attorney's fees associated with the bringing of this Motion to Re-Open and for this related relief, which fee amount shall be determined by the Court after further submission by Schaeffler;

d. Permanently enjoining and restraining, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants, their officers, agents, servants, employees, warehousemen, warehousers, attorneys and all other persons acting in concert or participation with them or on their behalf, from further acts of trademark infringement and of unfair competition by them in the use of Plaintiff's trademarks or colorable imitations thereof and particularly from, in any manner, directly or indirectly importing, selling, marketing, advertising, promoting or distributing any products, in the United States or elsewhere, bearing any of Schaeffler's trademarks (including, without limitation, *FAG*®, *LUK*®, and/or *INA*®);

e. Finding that a violation of such permanent injunction will result in irreparable harm to Schaeffler and a finding that as a result of such harm further fines shall be assessed against Defendants, jointly and severally, in an amount of at least $100,000 per violation, as well as an Order of civil and criminal contempt of Court, and such other penalty, fine and/or damage award, including without limitation, attorney's fees, that the Court may so Order based on the circumstances; and

f. Awarding such other and further relief as the Court deems appropriate in light of the facts presented herein.



MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX



www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

As grounds for the relief requested herein by Plaintiff, Plaintiff relies upon the facts set forth below and in the concurrently-filed Memorandum in Support of the requested relief, as well as on the Exhibits attached hereto, and the Second Declarations of Timothy J. Kelly, Esq. and Antun Peakovic, Esq. and the Exhibits attached thereto. More particularly, Plaintiff Schaeffler states as follows:

1. Plaintiff Schaeffler Technologies GmbH & Co. KG is a corporation organized and existing under the laws of the Federal Republic of Germany, and has its principal place of business at Industriestrabe 1-3, D-91074 Herzogenaurach, Germany. Schaeffler Technologies is the successor-in-interest by change of name to Schaeffler KG, the plaintiff in the original action filed in April 2008. Through various wholly-owned subsidiaries in the United States, Schaeffler does business in the United States including in this judicial district, by selling and servicing bearing products sold under the brand names *FAG*®, *INA*® and *LUK*®.

2. Schaeffler (either itself or through its predecessors in interest) has used the trademark *FAG*® in the United States since at least as early as 1962, and, through its predecessors in interest, has obtained several federal trademark registrations for the mark, namely, Reg. No. 759,980, Reg. No. 759,957, and Reg. No. 759,908. These registrations were issued in the early 1960's and are still in good standing, in full force and effect, and, by assignment, are owned by Schaeffler. Schaeffler's *FAG*® trademark registrations specifically cover the use of the term *FAG*® for, *inter alia*, machine parts, namely bearing assemblies and components thereof.

3. In April 2008, acting on information and belief, Schaeffler initiated legal action against the Defendants and sought a temporary restraining order, an *ex parte* seizure order, and associated discovery. The Court granted Schaeffler's requested relief (Order attached hereto

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

as Exhibit 1; D.E. No. 21) and in conjunction with the Federal Marshal, Schaeffler seized two counterfeit *FAG*® products from Defendants' premises, which products, if legitimate, would have had a value of approximately $150,000. At the time, Schaeffler represented, on information and belief and based on the Declaration of Antun Peakovic, that the products in Defendants' possession were counterfeit and were in imminent jeopardy of being shipped out of the United States. As explained in the accompanying Second Declaration of Antun Peakovic, the products seized from Defendants were eventually confirmed to be counterfeit.

4. Subsequent to the seizure, Schaeffler and Defendants executed a settlement agreement to resolve the dispute, which agreement provided, *inter alia*, that Defendants would never again "import, make, sell, market, advertise, promote, or distribute products, in the United States or elsewhere, bearing any of Schaeffler's trademarks (including, without limitation, *FAG*®, *LUK*®, and/or *INA*®) . . . unless such products have been purchased directly from Schaeffler or one of its authorized distributors." *See* July 2008 Settlement Agreement attached hereto as Exhibit 2, at ¶ 1. A Stipulated Order of Dismissal was executed and filed by the parties in July 2008 (Exhibit 3, attached; D.E. No. 29), and thereafter on July 16, 2008 the Court entered a Final Order of Dismissal With Prejudice and Order Denying All Pending Motions As Moot (Exhibit 4, attached; D.E. No. 30). The Court's July 16, 2008 Order specifically stated that the Court retains jurisdiction to enforce the terms of the parties' Settlement Agreement.

5. The July 2008 Settlement Agreement also provided that "in the event there is a breach of the obligations set forth in paragraph 1 hereto, Schaeffler will be immediately entitled to liquidated damages in the amount of fifteen thousand U.S. dollars ($15,000), together

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

with Schaeffler's reasonable attorney's fees associated with the collection of such damages . . .." *See* Exh. 3 (D.E. No. 29), at ¶ 2.

6. As explained in more detail in the concurrently-filed Second Declaration of Antun Prosodic, Esq., as a result of Schaeffler's registration of its *FAG*® trademark with U.S. Customs and Border Protection (USCBP), Mr. Peakovic received notification from USCBP indicating that a shipment of bearings imported by the Defendant BBI had been seized by USCBP in Chicago, Illinois. The notification outlined that twenty-six bearings, of two types, were seized -- twenty-four (24) ball bearings and 1 one (1) roller bearing, bearing Schaeffler's registered *FAG*® trademark.

7. Upon receipt of the aforementioned notification, Mr. Peakovic contacted USCBP in an effort to obtain additional information regarding the seized bearings. After several months of effort, Mr. Peakovic was able to obtain samples of the seized bearings, and thereafter performed an analysis that confirmed the counterfeit nature of the bearings. As explained by Mr. Peakovic in his Declaration, the counterfeit nature of the seized bearings makes it clear that these bearings were not "obtained directly from Schaeffler or one its authorized distributors."[2]

8. Defendants have no license or authority from Schaeffler to use the term *FAG*® in connection with the importing, offering for sale, selling, marketing, exporting or otherwise distributing non-genuine bearing products.

9. Defendants' importation of counterfeit *FAG*®-branded bearing products violates the terms of the July 2008 Settlement Agreement entered into between the parties and entitles Schaeffler to damages and attorneys' fees.

---

[2] The correspondence available from USCBP indicates only that the bearings originated in China; no exporting entity is identified and Mr. Peakovic was unable to obtain any additional names or information from USCBP regarding the source of the products.

Miami Tower
Suite 1200
100 Southeast 2nd Street
Miami, Florida 33131-2158
305 347 4040 • 305 347 4050 fax

LASH & GOLDBERG LLP
ATTORNEYS AT LAW

www.lashgoldberg.com

Weston Corporate Center
Suite 317
2500 Weston Road
Ft. Lauderdale, Florida 33331
954 384 2500 • 954 384 2510 fax

10. In addition, Defendants' importation of counterfeit *FAG*®-branded bearing products is also evidence of Defendants' continuing efforts to trade in such products. Defendants' offering for sale, selling, marketing, exporting or otherwise distributing bearing products under the name *FAG*® amounts to unfair competition with Schaeffler, infringes Schaeffler's federal *FAG*® trademark registrations, and is likely to cause, has caused, and will continue to cause confusion and deception of the trade and consuming public. As such Defendants' acts cause the trade and consuming public to believe that the products being offered for sale by Defendants originate with, emanate from, are sponsored, approved or authorized by, or are connected in some way with Schaeffler, when that is not the case.

11. Defendants' actions have resulted in, and will continue to cause, irreparable injury, loss and damage to Schaeffler, particularly to the goodwill and reputation of Schaeffler and to the products sold under its *FAG*® trademark. Schaeffler has no adequate remedy at law. No monetary damages can remedy the injury to Schaeffler if Defendants are permitted to offer to sell, sell, export or otherwise distribute the counterfeit or infringing bearing products in their possession that display the *FAG*® name.

12. The facts of the present case are unusual and support the granting of the extraordinary *ex parte* relief requested herein. Specifically, Defendants have already agreed never to trade in unauthorized *FAG*®-branded product, yet notwithstanding that agreement have imported such products on at least one occasion. Schaeffler respectfully submits that in view of the Defendants' history of infringing activity, the prohibition against Defendants' sale or distribution of products bearing the *FAG*® trademark (or any other Schaeffler trademark), the fact that Defendants have, in fact, already violated the terms of the July 2008 Settlement Agreement, and in view of the nature of the goods which are typically small and likely to be

Miami Tower
Suite 1200
100 Southeast 2nd Street
Miami, Florida 33131-2158
305 347 4040 • 305 347 4050 fax

Lash & Goldberg LLP
Attorneys at Law
www.lashgoldberg.com

Weston Corporate Center
Suite 317
2500 Weston Road
Ft. Lauderdale, Florida 33331
954 384 2500 • 954 384 2510 fax

quickly and easily disposed of once Defendants' become aware that a possible injunction may be issued against them, the *ex parte* relief requested herein is appropriate. Products of this type can be relatively quickly and easily disposed of by distributors or retailers, or shipped out of the country to be distributed elsewhere. Thus, to the extent Defendants have in their possession any *FAG*® or other Schaeffler-branded products, notice of the request for a temporary restraining order would serve only to render fruitless further prosecution of this action. This is precisely contrary to the normal and intended role of notice.

13. Moreover, Defendants, if given notice, may well unload or dump their current inventory of infringing products *before* an injunction has been issued thereby disrupting the *status quo* and frustrating Schaeffler's efforts to protect its trademarks and to prevent consumer confusion from occurring.

In view of the foregoing and in light of the accompanying Second Declarations of Antun Peakovic, Esq. and Timothy J. Kelly, Esq., and in light of Schaeffler's Memorandum of Law submitted in support hereof, Schaeffler submits that the *ex parte* temporary restraining order, seizure order, and other relief requested herein is warranted, and respectfully requests that the Court order such relief.

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

Respectfully submitted,

Date: July 20, 2011

By_______________________

Luca R. Bronzi
Lash & Goldberg L.L.P.
Bank of America Tower
100 S.E. 2nd Street, Suite 1200
Miami, Florida 33131
Tel: 305-347-4040
Fax: 305-347-4050
lbronzi@lashgoldberg.com

Attorneys for Plaintiff Schaeffler Technologies GmbH & Co. KG

OF COUNSEL:
Lawrence F. Scinto
Timothy J. Kelly
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104
Tel.: (212) 218-2100
Fax: (212) 218-2200

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

- 11 -
LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX