**EXHIBIT 1**

Case 1:08-cv-20892-JEM  Document 21  Entered on FLSD Docket 04/04/2008  Page 1 of 11



UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

08-20892-CIV-MARTINEZ-BROWN

FILED by _____ D.C.

APR 0 1 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

SCHAEFFLER KG,

Plaintiff,

v.

BRASTATES IMPORT & EXPORT, INC.,
BBI BRASTATES BEARING INDUSTRIES,
BBI BRASTATES BEARINGS, INC.,
BRASTATES BEARINGS INDUSTRIES, and
GUILHERME C. MOREIRA,

Defendants.
_____/

*EX PARTE* TEMPORARY
RESTRAINING ORDER TO PERMIT
INVENTORY, SEIZURE,
IMPOUNDMENT, AND ORDER TO
SHOW CAUSE FOR A PRELIMINARY
INJUCTION

This CAUSE came before the Court upon Plaintiff Schaeffler KG's Emergency Motion for *Ex Parte* Restraining Order to Permit Discovery, Inventory, Seizure, Impoundment and Accelerated Discovery. The Plaintiff has filed a Verified Complaint for Trademark Infringement and Unfair Competition against the Defendants. According to the Plaintiff's Verified Complaint, the Defendants, are in possession of at least two counterfeit spherical roller bearings that are labeled and packaged with Plaintiff's FAG trademark. The Plaintiff advises that true FAG® roller bearings of this type would typically sell for $75,000 each.

In support of this motion, Plaintiff attaches an affidavit from an engineer for FAG Industrial Services, who recently visited Defendant BBI Brastrates Bearing Industries' ("BBI") North Miami Beach warehouse and inspect roller bearings that were marked and packaged as FAG® products. The bearings were crated as they were slated for shipment to one of the Plaintiff's Brazilian customers, however, BBI allowed the Plaintiff's Service Engineer to inspect

two of the bearings. The Service Engineer, Ronnie Dale Pilkington, states in his affidavit that the bearings were labeled and packaged with the FAG® mark, but failed to conform to Plaintiff's product in a number of key respects, leading him to conclude that they were counterfeit FAG® bearings. The Plaintiff also attaches an affidavit from Antun Peakovic, an Application Engineer, who serves as an Intellectual Property Manager for Plaintiff's United States affiliates. He states that he arranged to have one of Plaintiff's Service Engineers visit BBI's North Miami Beach facility to inspect the bearings that were being marketed as genuine FAG® products.

Finally, the Plaintiff attaches an affidavit from its counsel, Timothy J. Kelly, Esq., who states that he believes the Defendants are preparing to ship the counterfeit FAG® bearings to Brazil and that such shipment is imminent. He states further that the Plaintiffs will suffer irreparable harm if the defendants are not restrained from the continued sale and distribution of such infringing products. Additionally, he advises the Court that *ex parte* relief is warranted in this type of situation because the Defendants may well dispose of their inventory of infringing products before an injunction issues.

After careful review of the Plaintiff's Summons and Verified Complaint, the Declarations of Ronnie Dale Pilkington, Antun Peakovic, and Timothy J. Kelly, Esq., and the exhibits annexed thereto, the *Ex Parte* Motion for Temporary Restraining Order and the Memorandum of Law filed in support of this Motion, it appears to this Court, for the reasons stated below, that Plaintiff's Emergency Motion for *Ex Parte* Restraining Order to Permit Discovery, Inventory, Seizure, Impoundment and Accelerated Discovery should be GRANTED in part and DENIED in part:

1. Defendants Brastates Import & Export, Inc., BBI Brastates Bearings Industries, BBI Brastates Bearings Industries, Inc., Brastates Bearings Industries, and Guilherme C. Moreira

(collectively, "BBI" or "Defendants") have purchased, manufactured, distributed, offered for sale, and/or sold ball bearing products falsely displaying Plaintiff's federally registered trademark FAG® and/or marks which are used in a manner likely to cause consumer confusion with one or more of the Plaintiff's federally registered trademarks, and/or have falsely represented that certain products they are offering for sale are authentic Schaeffler bearing products, and threaten to continue such acts unless immediately restrained by order of this Court.

2. Based upon past actions of other such counterfeiters and/or infringers, that the products in question and/or documents relating to the source of such goods are likely to be removed or destroyed as soon as a given Defendant learns that a lawsuit is being filed.

3. The only effective method of preventing the bearing products in question from being removed or destroyed, and of preserving other possible relevant evidence, is to issue an Order allowing the seizure of such evidence from the Defendants without notice thereto.

4. The aforesaid acts of the Defendants will cause immediate and irreparable injury, loss, and damage to the Plaintiff, its trademarks, and the valuable goodwill and reputation associated therewith, and that such injury, loss and damage is more likely to be sustained by the Plaintiff if Defendants are given notice of this litigation prior to the issuance of the Temporary Restraining Order and Order of Seizure hereinafter specified, and thereby given time to dispose of, or move the said bearing products and other items displaying, using or relating to the aforesaid infringing trademark. Therefore, it is hereby:

**ORDERED AND ADJUDGED** that:

1. Plaintiff's Emergency Motion for *Ex Parte* Restraining Order to Permit Discovery, Inventory, Seizure, Impoundment and Accelerated Discovery should be **GRANTED in part and DENIED in part**. It is GRANTED to the extent that Plaintiff seeks a Temporary Restraining

Order, Inventory, Seizure and Impoundment of infringing products. It is DENIED to the extent that Plaintiff seeks (i) Discovery at this stage of the proceedings; and (ii) seeks seizure and impoundment of all machinery, related equipment and any other goods or other equipment on the Defendants' premises which can be used to make unauthorized duplications of the Plaintiff's bearing products or all documents, computer disks, hard drives, other electronic memory devices, lists and other record, pertaining to any of the counterfeit and/or infringing products or to the acquisition, sales or distribution thereof; and (iii) seeks seizure and impoundment of any infringing property at any other location owned or leased by the Defendants, apart from Defendant BBI's warehouse at 1921 N.E. 153rd Street, North Miami Beach, Florida 33162-6017.

**IT IS FURTHER ORDERED** that

## ORDER TO SHOW CAUSE

2. The Defendants or their attorneys show cause on the 15th day of April, 2008 at 1:30 p.m. in the Third Floor Courtroom of the United States Courthouse, at 301 North Miami Ave, Miami, Florida, why an Order should not be issued granting the Plaintiff a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining and restraining the Defendants, their officers, agents, servants, employees, warehousemen, warehousers, attorneys and all other persons acting in concert or participation with them or on their behalf, pending a trial of this action, from further acts trademark infringement and of unfair competition by them in the use of the Plaintiff's trademarks or colorable imitations thereof and particularly from, in any manner, directly or indirectly:

i) using the FAG trademark or any other mark which duplicates or simulates the FAG trademark or which is in any way likely to cause confusion as to the source of the Defendants' products;

ii) substantially imitating or making unauthorized use of the Plaintiff's FAG trademark;

iii) distributing, circulating, exporting, selling, offering for sale, moving or otherwise disposing of, any product bearing any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar imitation of the Plaintiff's FAG trademark whose use is enjoined in subparagraphs i) and iii) above;

iv) using any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar imitation of the Plaintiff's FAG trademark;

v) using any false designation of origin or false description (including, without limitation, any letters or symbols) which can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product manufactured, advertised, distributed and/or sold by the Defendants is in any manner associated or connected with the Plaintiff, or is sold, licensed, sponsored, approved or authorized by the Plaintiff;

vi) engaging in any other activity constituting unfair competition with the Plaintiff or constituting an infringement of the Plaintiff's trademarks or its rights in or to use or to exploit the same, including, without limitation, displaying any of the Plaintiff's trademarks on any website operated or controlled by the Defendants;

vii) destroying or otherwise disposing of any of the aforementioned products, or any documents, computer disks, hard drives, or other electronic memory devices of any kind pertaining to the aforementioned products or their acquisition or the sales thereof heretofore made, or any machinery, related equipment or other goods or equipment which can be used to make unauthorized duplications of the Plaintiff's bearing products, or;

viii) passing off the Defendants (or any one of them or any employee or representative thereof), as Schaeffler, as a Schaeffler representative, or as an authorized distributer thereof; or

ix) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs i) through viii) above; and

**IT IS FURTHER ORDERED** that

### TEMPORARY RESTRAINING ORDER

3. Pending the hearing and determination of the above-referenced Motion for a Preliminary Injunction, the Defendants, their officers, agents, servants, employees, warehousemen, warehousers, attorneys and all other persons acting in concert or participation with them or on their behalf, be and are hereby temporarily restrained and enjoined from further acts of unfair competition and trademark infringement by them in the use of the Plaintiff's FAG trademark, and particularly from, in any manner, directly or indirectly:

i) using the FAG trademark or any other mark which duplicates or simulates the FAG trademark or which is in any way likely to cause confusion as to the source of the Defendants' products;

ii) substantially imitating or making unauthorized use of the Plaintiff's FAG trademark;

iii) distributing, circulating, exporting, selling, offering for sale, moving or otherwise disposing of, any product bearing any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar imitation of the Plaintiff's FAG trademark whose use is enjoined in subparagraphs i) and iii) above;

iv) using any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar imitation of the Plaintiff's FAG trademark;

v) using any false designation of origin or false description (including, without limitation, any letters or symbols) which can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product manufactured, advertised, distributed and/or

sold by the Defendants is in any manner associated or connected with the Plaintiff, or is sold, licensed, sponsored, approved or authorized by the Plaintiff;

vi) engaging in any other activity constituting unfair competition with the Plaintiff or constituting an infringement of the Plaintiff's trademarks or its rights in or to use or to exploit the same including, without limitation, displaying any of the Plaintiff's trademarks on any website operated or controlled by the Defendants;

vii) destroying or otherwise disposing of any of the aforementioned products, or any documents, computer disks, hard drives, or other electronic memory devices of any kind pertaining to the aforementioned products or their acquisition or the sales thereof heretofore made, or any machinery, related equipment or other goods or equipment which can be used to make unauthorized duplications of the Plaintiff's bearing products;

viii) passing off the Defendants (or any one of them or any employee or representative thereof), as Schaeffler, as a Schaeffler representative, or as an authorized distributer thereof; or

ix) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs i) through viii) above; and

**IT IS FURTHER ORDERED** that

## SEIZURE ORDER

4. The Plaintiff, its employees, agents and counsel, and private investigators are authorized under the supervision and with the assistance of the U.S. Marshal, to take all necessary steps to secure and remove the following property located at 1921 N.E. 153rd Street, North Miami Beach, Florida 33162-6017, including breaking upon, entering and searching for said property and placing it with an appropriate storage facility:

i) all products which display the FAG trademark or any other designation comprising a trademark owned by the Plaintiff, as identified by Schaeffler's counsel;

ii) all simulations, reproductions, counterfeits, copies or colorable imitations of the Plaintiff's trademarks, as identified by Schaeffler's counsel, and all packages and products bearing the same;

iii) all promotional and advertising materials of any kind for Schaeffler's products and/or the Defendants' counterfeit and/or infringing products, and the packaging therefor; and

**IT IS FURTHER ORDERED** that

5. That anyone interfering with the execution of this Order is subject to arrest by the United States Marshal and/or his or her representative.

6. The Plaintiff, on whose behalf the Court issues this Order, will account completely for all property seized pursuant to this Order and shall compile a written inventory of all such property and shall provide a copy to the U.S. Marshal, who shall include such a copy with his return to the Court.

7. The Plaintiff, on whose behalf the Court issues this Order, will act as substitute custodian of any and all property seized pursuant to this Order and shall hold harmless the U.S. Marshals Service and its employees from any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Defendants' property, including any third-party claims.

8. Based upon the representations set forth in the pleadings herein, the U.S. Marshal and/or other persons authorized to seize counterfeit and infringing goods, as identified above, shall consider all goods bearing the Plaintiff's trademarks, or substantially similar marks,

transported or housed by the Defendants in the location set forth above to be infringing articles subject to this Restraining and Seizure Order unless told otherwise by the Plaintiff's attorneys;

IT IS FURTHER ORDERED that

## IMPOUNDMENT ORDER

9. Fitzpatrick, Cella, Harper & Scinto or its appointed representative will act as substitute custodian of any and all properties seized pursuant to this Order and that the Plaintif shall hold harmless the United States Marshal Service and its employees from any and all claims, asserted in any Court or tribunal, arising from any seizure and possession of the Defendants' property, including any third-party claims.

10. Defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, immediately upon service of this Order, shall permit the U.S. Marshal, private investigators retained by counsel for the Plaintiff and Plaintiff's attorneys to enter upon the Defendants' premises and to discover and inventory all bearing or other products carrying the Plaintiff's FAG trademarks, or colorable imitations or counterfeits thereof.

IT IS FURTHER ORDERED that

## BOND

11. This *Ex Parte* Temporary Restraining, Inventory, Seizure and Impoundment Order be and is hereby conditioned upon Plaintiff posting with the Clerk of this Court a bond, cash or check in the amount of $ 300,000 for the payment of such costs and damages as may be incurred or suffered by any party who was found to be wrongfully restrained, or whose goods were wrongfully seized pursuant to this Order.

IT IS FURTHER ORDERED that

## SERVICE

12. Plaintiff shall serve a copy of this Order to Show Cause and the papers upon which it is based being delivered to the Defendants by the U.S. Marshal or other law enforcement officer, or their agents, or designees, or other authorized persons at the time of any seizures, as provided herein, shall be deemed sufficient, or in the absence of any seizure, that Plaintiff will cause such papers to be served by no later than April 3 at 4:00 p.m.

**IT IS FURTHER ORDERED** that

## RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

13. The Defendants shall file a response to Plaintiff's Motion for Preliminary Injunction on or before April 10, 2008. This Order is granted without prior notice to Defendants in order to deprive them of any opportunity to dispose of infringing or counterfeit Schaeffler products or any other products carrying Schaeffler's trademarks, or colorable imitations thereof, and to enable Plaintiff to inventory the same pending further proceedings herein.

**IT IS FURTHER ORDERED** that

## UNITED STATES MARSHAL

14. The Plaintiff shall be responsible to the United States Marshal for all of its fees and charges, including all extraordinary expenses and overtime pay incurred in carrying out this Order, subject to reimbursement by Defendants as provided by law upon a final determination that Plaintiff is entitled to relief as claimed.

15. Upon delivery to Plaintiff's counsel, the United States Marshal Service and its employees, shall be relieved of all responsibility for any of the aforesaid seized merchandise and/or evidence.

16. This Order SHALL EXPIRE on April 15, 2008 at 1:30 p.m. or at the conclusion of the hearing on Schaeffler's Motion for Preliminary Injunction, whichever first occurs, subject to further extension for good cause.

DONE AND ORDERED in Chambers at Miami, Florida, April __1__, 2008 at 2:43 p.m.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record