**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

---------------------------------------------------x
       :

SCHAEFFLER TECHNOLOGIES GmbH  :
& Co., KG,        :

       Plaintiff,     :

v.        :

BRASTATES IMPORT & EXPORT, INC., :
BBI BRASTATES BEARING    :
INDUSTRIES, BBI BRASTATES   :
BEARINGS, INC., BRASTATES    :
BEARINGS INDUSTRIES, and    :
GUILHERME C. MOREIRA,     :

       Defendants.
---------------------------------------------------x

Sealed

08-CIV-20892 (JEM)(STB)

Sealed

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S APPLICATION TO
RE-OPEN ACTION TO ENFORCE SETTLEMENT AGREEMENT,
FOR *EX PARTE* TEMPORARY RESTRAINING ORDER & ORDER
TO PERMIT DISCOVERY, INVENTORY, SEIZURE,
IMPOUNDMENT, AND DISCOVERY, AND MOTION FOR ORDER
TO SHOW CAUSE FOR PERMANENT INJUNCTION**

FILED by ___ D.C.

JUL 20 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX


LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

INTRODUCTION ............................................................................................ 1

FACTS ......................................................................................................... 2

ARGUMENT ................................................................................................. 7

I.    DEFENDANTS HAVE BREACHED THE SETTLEMENT
      AGREEMENT ........................................................................................ 7

II.   SCHAEFFLER IS ENTITLED TO A MONETARY AWARD AND  TO
      ITS ATTORNEYS' FEES ......................................................................... 8

      A.    Defendants Should Be Ordered To Pay $ 375,000 To Schaeffler ............ 8

      B.    Defendants Should Also Be Ordered To Pay Schaeffler's
            Attorneys' Fees ........................................................................... 9

III.  SCHAEFFLER IS ENTITLED TO A PERMANENT INJUNCTION
      PREVENTING  DEFENDANTS FROM FUTURE DEALING IN
      SCHAEFFLER PRODUCTS ...................................................................... 9

      A.    The Criteria For Issuance Of A Preliminary Injunction ..................... 10

      B.    Schaeffler Is Likely To Succeed On Its Claims ............................... 11

            1.    Schaeffler's FAG® Trademark Is Registered, Strong, and
                  Famous ............................................................................ 12

            2.    Defendants' Use Infringes Schaeffler's FAG® Trademark .......... 12

                  (a)   Schaeffler's FAG® Trademark Is Strong ..................... 14

                  (b)   The Similarity Of The Marks ................................... 14

                  (c)   The Similarity Of The Products ................................ 15

                  (d)   The Similarity Of The Channels of Trade .................. 15

                  (e)   The Defendants' Bad Faith ...................................... 15

                  (f)   The Extent Of Actual Confusion ............................... 15

IV.   SCHAEFFLER IS ALSO ENTITLED TO AN INJUNCTION UNDER
      SECTION 43(a) OF THE LANHAM ACT ................................................. 16

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA  33131-2158
305 347 4040 • 305 347 4050 FAX


LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA  33331
954 384 2500 • 954 384 2510 FAX

V.      THE BALANCE OF HARDSHIPS TIPS  DECIDEDLY IN
        SCHAEFFLER'S FAVOR AND  SCHAEFFLER HAS RAISED
        SERIOUS AND  SUBSTANTIAL QUESTIONS ON THE MERITS ............................17

VI.     THE PUBLIC INTEREST REQUIRES PRELIMINARY RELIEF ................................18

VII.    SCHAEFFLER WILL BE SERIOUSLY AND IRREPARABLY
        DAMAGED IF A AN INJUNCTION DOES NOT ISSUE ................................................19

VIII.   SCHAEFFLER IS ENTITLED TO AN *EX PARTE* TEMPORARY
        RESTRAINING ORDER AND ACCELERATED DISCOVERY...................................20

IX.     THE UNITED STATES MARSHAL SHOULD BE DIRECTED  TO
        SEIZE AND IMPOUND INFRINGING MERCHANDISE  AND
        THINGS RELATING THERETO IN DEFENDANTS' POSSESSION,
        CUSTODY OR CONTROL ..............................................................................................22

CONCLUSION.......................................................................................................................25

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA  33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA  33331
954 384 2500 • 954 384 2510 FAX

## **TABLE OF AUTHORITIES**

<u>**Cases**</u>

*Abbott Labs. v. Unlimited Beverages, Inc.,*
    30 U.S.P.Q.2d 1803 (S.D. Fla. 1993) ........................................................ 15, 18

*Ambrit, Inc. v. Kraft, Inc.,*
    812 F.2d 1531 (11th Cir. 1985), *cert. denied*, 481 U.S. 1041 (1987)........................ 13, 15

*Boston Prof. Hockey Ass'n v. Dallas Cap & Emblem Mfg.,*
    510 F.2d 1004 (5th Cir. ), *cert. denied*, 423 U.S. 868 (1975).................................... 13, 17

*Burger King Corp. v. Lee,*
    766 F. Supp. 1149 (S.D. Fla. 1991) .......................................................... 18

*Centaur Communications Ltd. v. A/S/M Communications, Inc.,*
    830 F.2d 1217 (2d Cir. 1987)................................................................ 13

*Coach Rest., Inc. v. Coach & Six Rests., Inc.,*
    934 F.2d 1551 (11th Cir. 1991) ............................................................. 12

*CPC Int'l, Inc. v. Albury Sales Co., Inc.,*
    504 F. Supp. 549 (S.D. Fla. 1980) .......................................................... 21

*CPC Int'l, Inc. v. Balzola Foods,*
    224 U.S.P.Q. 85 (S.D. Fla. 1984) ............................................ 13, 14, 15, 18, 19

*Cumulus Media, Inc. v. Clear Channel Comms., Inc.,*
    304 F.3d 1167 (11th Cir. 2002) ............................................................ 10

*Dreyfus Fund v. Royal Bank of Canada,*
    525 F. Supp. 1108 (S.D.N.Y. 1981)......................................................... 12

*E. Remy Martin & Co. v. Shaw-Ross Int'l Imports, Inc.,*
    756 F.2d 1525 (11th Cir. 1985) ...................................................... 10, 18, 19

*Fimab-Finanziaria Maglificio Biellese Fratelli Fila, S.p.A v. Kitchen,*
    548 F. Supp. 248 (S.D. Fla. 1982) .......................................................... 20

*Fimab-Finanziaria Maglificio v. Helio Import/Export, Inc.,*
    601 F. Supp. 1 (S.D. Fla. 1983) ............................................................ 21

*Freedom Savings & Loan Assoc. v. Way,*
    757 F.2d 1176 (11th Cir. ), *cert. denied*, 474 U.S. 845 (1985)............................... 14

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

*Fuentes v. Shevin,*
    407 U.S. 67 (1972), *reh'g denied*, 409 U.S. 902 (1972) ................................................... 22

*In re Vuitton et Fils S.A.,*
    606 F.2d 14 (2d Cir. 1979) ..................................................................................... 21

*Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.,*
    549 F.2d 368 (5th Cir. 1977) ................................................................................. 17

*McGregor-Doniger, Inc. v. Drizzle, Inc.,*
    599 F.2d 1126 (2d Cir. 1979) ................................................................................ 12

*Nikon Inc. v. Ikon Corp.,*
    987 F.2d 91 (2d Cir. 1993) ........................................................................ 10, 12, 13

*Playboy Enter. Inc. v. Frena,*
    839 F. Supp. 1552 (M.D. Fla. 1993) ............................................................. 14, 15, 17

*Rubber Specialty, Inc. v. Sneaker Circus, Inc.,*
    195 U.S.P.Q. 798 (S.D. Fla. 1977) ............................................. 11, 12, 16, 18, 19

*Semmes Motors, Inc. v. Ford Motor Co.,*
    429 F.2d 1197 (2d Cir. 1970) ................................................................................ 18

*Sun Fun Prods., Inc. v. Suntan Research & Dev. Inc.,*
    565 F.2d 186 (5th Cir. 1981) ................................................................................ 14

*Tally-Ho, Inc. v. Coast Comm. College District,*
    889 F.2d 1018 (11th Cir. 1989) .................................................................. 10, 11, 19

*Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.,*
    833 F.2d 1484 (11th Cir. 1987) ............................................................................ 14

## Statutes & Administrative Codes

15 U.S.C. § 1114(1) ................................................................................................ 2, 12

15 U.S.C. § 1116 ......................................................................................................... 22

15 U.S.C. § 1125(a) ..................................................................................................... 2, 16

## Other

Fed. R. Civ. P. 65(b) ................................................................................................ 20, 24

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

## INTRODUCTION

Plaintiff, Schaeffler Technologies GmbH & Co, KG, formerly known as Schaeffler KG[1] (hereinafter "Schaeffler"), has moved to this Court to re-open this case for the purpose of enforcing the provisions of a Settlement Agreement between the parties (D.E. No. 29). In addition, Schaeffler requests that the Court issue an *ex parte* seizure order and a temporary restraining order to restrain and enjoin defendants Brastates Import & Export, Inc., BBI Brastates Bearing Industries, BBI Brastates Bearings, Inc., Brastates Bearings Industries, and Guilherme C. Moreira, both personally and as President of Brastates Import & Export, Inc. (hereinafter collectively "BBI" or "Defendants") from importing, exporting, offering for sale, selling and/or distributing bearing products carrying the federally registered trademark *FAG®* or any other designation (including, without limitation, Schaeffler's *INA®* or *LUK®* trademarks or any reasonable facsimile thereof) which suggests that such bearing products are manufactured by or with the permission or approval of Schaeffler or one of its related companies. Schaeffler also asks that the Court issue and Order to show cause as to why Defendants should not be permanently enjoined from future sales of Schaeffler products, and as to why judgment should not be entered against them requiring the payment to Schaeffler of the sum of $375,000.00, together with Schaeffler's attorneys' fees.

Defendants' acts in this case give rise to a particularly strong case of trademark infringement and unfair competition. In complete defiance of the Settlement Agreement entered into in this case, Defendants have imported counterfeit bearing products displaying the *FAG®* trademark. Schaeffler's investigation of these products confirms that they were not

---

[1] In January 2010, Schaeffler KG underwent a name change to Schaeffler Technologies GmbH & Co., KG. Trademarks formerly owned by Schaeffler KG, together with all rights related thereto, were assigned to the new entity.

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERGLLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

manufactured by or with the approval or authorization of Schaeffler, the owner of the *FAG®* trademark. In addition to breaching the Settlement Agreement between the parties, Defendants' actions constitute trademark infringement and unfair competition with Schaeffler in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as unfair competition and trademark dilution in violation of the laws of the State of Florida, particularly Fla. Stat. Ann. § 495.151.

## FACTS

As more fully set forth n the original Verified Complaint herein (D.E. No. 1), and in the contemporaneously-filed Declaration of Antun Peakovic (D.E. No. 18), Plaintiff Schaeffler is a corporation organized and existing under the laws of the Federal Republic of Germany, and has its principal place of business at Industriestrabe 1-3, D-91074 Herzogenaurach, Germany. Schaeffler Technologies is the successor-in-interest by change of name to Schaeffler KG, the plaintiff in the original action, which was filed in April 2008. Through various wholly-owned subsidiaries in the United States, Schaeffler does business in the United States including in this judicial district, by selling and servicing bearing products sold under the brand names *FAG®*, *INA®* and *LUK®*.

Schaeffler (either itself or through its predecessors in interest) has used the trademark *FAG®* in the United States since at least as early as 1962, and, through its predecessors in interest, has obtained several federal trademark registrations for the mark, namely, Reg. No. 759,980, Reg. No. 759,957, and Reg. No. 759,908. These registrations were issued in the early 1960's and are still in good standing, in full force and effect, and, by assignment, are owned by Schaeffler. Schaeffler's *FAG®* trademark registrations specifically

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

cover the use of the term *FAG®* for, *inter alia*, machine parts, namely bearings, bearing assemblies, and components thereof.

In April 2008, acting on information and belief, Schaeffler initiated legal action against the Defendants and sought a temporary restraining order, an *ex parte* seizure order, and associated discovery. The Court granted Schaeffler's requested relief (*see* D.E. No. 21) and promptly thereafter, in conjunction with the Federal Marshal, Schaeffler seized two counterfeit *FAG®* products from Defendants' premises, which products, if legitimate, would have had a value of approximately $150,000. At the time, Schaeffler represented, on information and belief and based, *inter alia*, on the Declaration of Antun Peakovic, that the products in Defendants' possession were counterfeit and were in imminent jeopardy of being shipped out of the United States.

Subsequent to the seizure, Schaeffler and Defendants (who were represented by counsel at the time) executed a settlement agreement to resolve the dispute, which agreement provided, *inter alia*, that Defendants would never again "import, make, sell, market, advertise, promote, or distribute products, in the United States or elsewhere, bearing any of Schaeffler's trademarks (including, without limitation, *FAG®*, *LUK®*, and/or *INA®*) . . . unless such products have been purchased directly from Schaeffler or one of its authorized distributors." *See* July 2008 Settlement Agreement attached hereto as Exhibit 1, at ¶ 1. A Stipulated Order of Dismissal was executed and filed by the parties in July 2008 (*see* D.E. No. 29), and thereafter on July 16, 2008 the Court entered a Final Order of Dismissal With Prejudice and Order Denying All Pending Motions As Moot (*see* D.E. No. 30). The Court's July 16, 2008 Order specifically stated that the Court retained jurisdiction to enforce the terms of the parties' Settlement Agreement.

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERGLLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

The July 2008 Settlement Agreement also provided that "in the event there is a breach of the obligations set forth in paragraph 1 hereto, Schaeffler will be immediately entitled to liquidated damages in the amount of fifteen thousand U.S. dollars ($15,000), together with Schaeffler's reasonable attorney's fees associated with the collection of such damages . . .." *See* D.E. No. 29, at ¶ 2.

As explained in more detail in the concurrently-filed Second Declaration of Antun Peakovic, Esq., as a result of Schaeffler's registration of its *FAG®* trademark with U.S. Customs and Border Protection (USCBP), Mr. Peakovic received notification from USCBP indicating that a shipment of bearings imported by the Defendant BBI had been seized by USCBP in Chicago, Illinois. The notification outlined that twenty-six bearings, of two types, were seized -- twenty-four (24) ball bearings and 1 one (1) roller bearing, bearing Schaeffler's registered *FAG®* trademark.

Upon receipt of the aforementioned notification, Mr. Peakovic contacted USCBP in an effort to obtain additional information regarding the seized bearings. After several months of effort, Mr. Peakovic was able to obtain samples of the seized bearings, and thereafter performed an analysis that confirmed the counterfeit nature of the bearings. As a result of that inspection, Mr. Peakovic was able to ascertain that the confiscated bearings had inappropriate date, UPC, and numeric codes (*i.e.*, part numbers) and that they were inferiorly constructed and packaged in a manner inconsistent with Schaeffler standards. Second Peakovic Decl. at ¶ 16. As explained by Mr. Peakovic in his Declaration, the counterfeit nature of the seized bearings makes

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

it clear that these bearings were not "obtained directly from Schaeffler or one its authorized distributors."[2]  Second Peakovic Decl. at ¶ 19.

Defendants have no license or authority from Schaeffler to use the term *FAG®* in connection with the importing, offering for sale, selling, marketing, exporting or otherwise distributing non-genuine bearing products.

Defendants' importation of counterfeit *FAG®*-branded bearing products violates the terms of the July 2008 Settlement Agreement entered into between the parties and entitles Schaeffler to damages and attorney's fees.

In addition, Defendants' importation of counterfeit *FAG®*-branded bearing products is also evidence of Defendants' continuing efforts to trade in such products. Defendants' offering for sale, selling, marketing, exporting or otherwise distributing bearing products under the name *FAG®* amounts to unfair competition with Schaeffler, infringes Schaeffler's federal *FAG®* trademark registrations, and is likely to cause, has caused, and will continue to cause confusion and deception of the trade and consuming public.  As such, Defendants' acts cause the trade and consuming public to believe that the products being offered for sale by Defendants originate with, emanate from, are sponsored, approved or authorized by, or are connected in some way with Schaeffler, when that is not the case.

As a result, Defendants' actions have resulted in, and will continue to cause, irreparable injury, loss and damage to Schaeffler, particularly to the goodwill and reputation of Schaeffler and to the products sold under its *FAG®* trademark.  Schaeffler has no adequate

---

[2] The correspondence available from USCBP indicates only that the bearings originated in China; no exporting entity is identified and Mr. Peakovic was unable to obtain any additional names or information from USCBP regarding the source of the products.  *See* Second Peakovic Decl. at Exh. 3.

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

remedy at law. No monetary damages can remedy the injury to Schaeffler if Defendants are permitted to offer to sell, sell, export or otherwise distribute the counterfeit or infringing bearing products in their possession that display the *FAG®* name.

Schaeffler submits that the facts of the present case are unusual and support the granting of the extraordinary *ex parte* relief requested herein. Specifically, Defendants have already agreed to never trade in unauthorized *FAG®*-branded product, yet notwithstanding that agreement have imported such products on at least one occasion. Schaeffler respectfully submits that in view of the Defendants' history of infringing activity, the prohibition against Defendants' sale or distribution of products bearing the *FAG®* trademark (or any other Schaeffler trademark), the fact that Defendants have, in fact, already violated the terms of the July 2008 Settlement Agreement, and in view of the nature of the goods which are typically small and likely to be quickly and easily disposed of once Defendants' become aware that a possible injunction may be issued against them, the *ex parte* relief requested herein is appropriate. To the extent Defendants have in their possession any *FAG®* or other Schaeffler-branded products, notice of the request for a temporary restraining order would only serve to alert Defendants to do what they can to sequester of dispose of the infringing products in their possession, thereby rendering fruitless further prosecution of this action. This is precisely contrary to the normal and intended role of notice.

As further explained by Mr. Peakovic in his declaration, investigation of Schaeffler records indicates that Defendants have not received *FAG®*-branded products (or any other products with Schaeffler's trademarks) from Schaeffler directly. Second Peakovic Decl. at ¶ 19. Nor is there any indication that Defendants received products from an authorized Schaeffler distributor. *Id.* Accordingly, to the extent Defendants are in possession of any

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERGLLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

Schaeffler products (*i.e.*, products carrying the *FAG®*, *INA®* or *LUK®* trademarks), then such products are in Defendants' possession in violation of the Settlement Agreement. Because Defendants are in the business of re-selling bearings, it is only logical to conclude that any of these unauthorized Schaeffler products in their possession will be sold or otherwise distributed to third parties, in further violation of Schaeffler's rights (and in further violation of the Settlement Agreement). The only way to prevent such distribution and further violation of the Settlement Agreement is to forcibly remove all Schaeffler products from Defendants' possession *before* they are given notice and have the opportunity to unload or dump their current inventory of infringing products *before* an injunction has been issued thereby disrupting the *status quo* and frustrating Schaeffler's efforts to protect its trademarks and to prevent consumer confusion from occurring.

## ARGUMENT

### I.    DEFENDANTS HAVE BREACHED THE SETTLEMENT AGREEMENT

There is no question that Defendants' actions have resulted in a breach of the Settlement Agreement. The Agreement (D.E. No. 29) makes clear that Defendants are permanently prohibited from "import[ing], mak[ing], sell[ing], market[ing], . . . distribut[ing] products . . . bearing any of Schaeffler's trademarks (including, without limitation, *FAG®*, *LUK®*, and/or *INA®*), . . . unless such products have been obtained directly from Schaeffler or one of its authorized distributors." D.E. No. 29 at ¶ 1. The facts, as recited herein and in the Second Peakovic Declaration, make clear that Defendants have imported *FAG®*-branded products, and that such products were counterfeit. Peakovic Decl. at ¶ 16. The Agreement, which was negotiated on Defendants' behalf by counsel representing them in this action (*see* Second Declaration of Timothy J. Kelly, Esq., at ¶ 5), and signed by Defendants' principal Guilherme Moriera, contains no qualifying language as to Defendants' knowledge. Defendants are strictly

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX


LASH&GOLDBERGLLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

liable and any argument that Defendants thought they were importing the infringing bearings from a legitimate source is irrelevant.  Defendants bore the burden of complying with the Settlement Agreement; they failed to do so and must now be held accountable.

Irrespective of whether Defendants might unpersuasively try to argue that they believed their actions in importing *FAG®*-branded products were justified, the fact remains that the bearings they imported were counterfeit.  *See* Peakovic Decl. at ¶ 16.  Thus, even without the Settlement Agreement there is absolutely no way Defendants' acts can be condoned.  Having already been caught with infringing products, and having already agreed never to possess illegitimate FAG®-branded products again, Defendants have now (again) imported counterfeit bearing products.  Defendants' complete disregard for the Settlement Agreement – which this Court retained jurisdiction to enforce – renders any defense meritless.  Defendants' should be found to have breached the Settlement Agreement, held liable for the penalty provisions contained therein, and permanently enjoined from any future involvement whatsoever with products from Schaeffler.

## II.    SCHAEFFLER IS ENTITLED TO A MONETARY AWARD AND TO ITS ATTORNEYS' FEES

### A.    *Defendants Should Be Ordered To Pay $ 375,000 To Schaeffler*

The Settlement Agreement in this action clearly provides that in the event of a breach Schaeffler shall be immediately entitled to damages in the amount of $15,000.  D.E. No. 29 at ¶ 2.  In the current situation, the supporting Declaration of Antun Peakovic makes clear that Defendant imported 25 infringing pieces, of two different types.  Because Defendants' liability for "a" breach requires payment of $15,000, the 25 breaches here (25 infringing/counterfeit bearings) amount to a $375,000 damage award.  As noted above, Schaeffler submits that

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

Defendants' liability here is strict, and thus that an Order should promptly issue requiring Defendants, jointly and severally, to pay the subject amount by cashiers check, certified check or wire transfer, within forty-eight (48) hours of being provided with notice of the Court's Order. Schaeffler also requests that the court attach the Defendants' bank account and other assets, to the extent they can be identified, in order to secure payment of the aforementioned amount.

### B.   Defendants Should Also Be Ordered To Pay Schaeffler's Attorneys' Fees

In addition to the penalty called for under the Settlement Agreement, the Agreement specifies, also in paragraph 2, that Schaeffler shall be entitled to recover from Defendants' its reasonable attorneys' fees associated with the collection of the aforementioned damages. Accordingly, Schaeffler herein requests that the Court issue an Order awarding Schaeffler its attorneys' fees, the specific amount to be determined at the conclusion of this motion based upon a declaration from Schaeffler's' counsel.

### III.   SCHAEFFLER IS ENTITLED TO A PERMANENT INJUNCTION PREVENTING DEFENDANTS FROM FUTURE DEALING IN SCHAEFFLER PRODUCTS

Schaeffler respectfully requests that in light of the facts presented herein, it is appropriate for the Court to issue a permanent injunction against Defendants' future importation, distribution, sale or other dealing in – indeed even possession of -- products bearing any of Schaeffler's trademarks, including, without limitation, *FAG®*, *INA®* and *LUK®*. Moreover, that injunction should contain provisions requiring the payment of damages and attorneys' fees to Schaeffler, as well as contempt penalties against Defendants' principals for future violations of Schaeffler's' rights.

As previously explained in Schaeffler's initial Verified Complaint (D.E. No. 1) and Memorandum in Support of Preliminary Injunction (D.E. No. 17), the Schaeffler trademarks,

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX


LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

including the FAG® trademark, are strong marks entitled to a broad scope of protection.  In the

present case, Schaeffler submits that Defendants' prior agreement and their subsequent clear

violation of that agreement make the permanent injunctive relief sought herein appropriate.

Nonetheless, as further support for its position, Schaeffler reiterates the arguments made in

connection with its prior motion for preliminary injunction.  As described below, the strength of

the Schaeffler trademarks, together with the counterfeit nature of the goods imported by

Defendants make clear that permanent injunctive relief is warranted.

### A.    The Criteria For Issuance Of A Preliminary Injunction

The Eleventh Circuit's well-established standard for granting a preliminary

injunction is as follows:

> To prevail on [a] motion for a preliminary injunction, [plaintiff]
> has the burden of proving: (1) a substantial likelihood of success
> on the merits; (2) a substantial threat of irreparable injury; (3) its
> own injury outweighs the injury to [defendants]; and (4) the
> injunction would not disserve the public interest.

*Cumulus Media, Inc. v. Clear Channel Comms., Inc.*, 304 F.3d 1167, 1171, n. 1 (11th Cir. 2002)

(citation omitted); *see also*, *Tally-Ho, Inc. v. Coast Comm. College District*, 889 F.2d 1018, 1022

(11th Cir. 1989).  Preliminary injunctive relief is a common remedy for acts of trademark

infringement and unfair competition and is proper in the present circumstances.  *See, e.g., E.*

*Remy Martin & Co. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1533-34 (11th Cir. 1985)

(preliminary injunction granted on claims of trademark infringement and injury to business

reputation); *accord Nikon Inc. v. Ikon Corp.*, 987 F.2d 91 (2d Cir. 1993).

In the present case, Schaeffler is the owner of federal trademark registrations for

its *FAG®* trademark and has been commercially exploiting that trademark for many years with

excellent success.  Defendants' unauthorized importation of bearings displaying the registered

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX


LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

*FAG®* constitutes a clear violation of the Settlement Agreement herein, Defendants' trafficking in counterfeit goods will, if allowed to continue, gravely and irreparably damage Schaeffler because to the extent such products are offered for sale, sold or otherwise distributed, the purchasing public is likely to believe that Schaeffler makes, sells or sponsors Defendants' products or is in some way affiliated with Defendants or their products when that is not the case.

This Circuit has held that a substantial likelihood of confusion between trademarks alone is sufficient injury to warrant issuance of an injunction. *Tally-Ho*, 889 F.2d at 1029. Where, as here, purchasers of bearing products are likely to be confused as to the source of Defendants' products, the balance of hardships tips so decidedly in the plaintiff's favor and the questions raised are so serious and substantial, a trademark owner is ordinarily granted preliminary relief. *Id.*

Schaeffler is seeking to protect its name and reputation built upon years of sales of high quality *FAG®*-branded bearing products. Defendants are believed to have only limited quantities of bearings with the *FAG®* trademark and those products are believed to be counterfeit or, at a minimum, infringing. The record is devoid of equities favoring Defendants.

Since the balance of hardships tips so decidedly in Schaeffler's favor, and the questions raised are so serious and substantial, plaintiff should be accorded preliminary relief. *See Rubber Specialty, Inc. v. Sneaker Circus, Inc.*, 195 U.S.P.Q. 798, 802 (S.D. Fla. 1977).

**B.    *Schaeffler Is Likely To Succeed On Its Claims***

In addition to the fact that, as discussed above, Defendants have clearly breached the Settlement Agreement and thus that Schaeffler is likely to succeed in its overall clams herein, a review of Schaeffler's *FAG®* trademark makes it plain that the mark is entitled to a broad scope of protection.

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

1.     *Schaeffler's FAG® Trademark Is Registered, Strong, and Famous*

One of the benefits of a strong mark is the owner's well-earned capacity to achieve a high degree of consumer recognition. *See, e.g., Dreyfus Fund v. Royal Bank of Canada*, 525 F. Supp. 1108, 1115 (S.D.N.Y. 1981). The *FAG®* is a registered trademark and thus is prima facie valid. *See Rubber Specialty, Inc.*, 195 U.S.P.Q. at 801. Moreover, the trademark is an arbitrary and fanciful mark (and thus an inherently distinctive mark) because it "bears no relationship to the [goods to which it is applied.]" *Coach Rest., Inc. v. Coach & Six Rests., Inc.*, 934 F.2d 1551, 1560 (11th Cir. 1991). An inherently distinctive mark is protectable without a showing of secondary meaning (*see, e.g., Id.*), and is thus, by its very nature, a strong mark.

It cannot be disputed that Schaeffler through its *FAG®* trademark enjoys a high reputation with respect to the quality of its bearing products. In the United States alone Schaeffler enjoys hundreds of million of dollars in annual sales of bearing products, a significant percentage of which is attributable to *FAG®*-branded bearings. There is no doubt that the *FAG®* trademark is one of the strongest and most recognizable bearing marks in the world. As such, it is entitled to a high degree of protection. *See, e.g., Nikon Inc. v. Ikon Corp.*, 987 F.2d 91, 94 (2d Cir. 1993); *McGregor-Doniger, Inc. v. Drizzle, Inc.*, 599 F.2d 1126, 1131-32 (2d Cir. 1979).

2.     *Defendants' Use Infringes*
       *Schaeffler's FAG® Trademark*

A cause of action for federal trademark infringement exists under 15 U.S.C. § 1114(1) where a person uses (1) any reproduction, counterfeit, copy or colorable imitation of a registered trademark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution or advertising of any goods; (5) where such use is likely to cause confusion, or to cause mistake or to deceive. 15 U.S.C. § 1114(l); *Boston Prof.*

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX


LASH&GOLDBERGLLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

*Hockey Ass'n v. Dallas Cap & Emblem Mfg.*, 510 F.2d 1004, 1009-10 (5th Cir.), cert. denied, 423 U.S. 868 (1975); *CPC Int'l, Inc. v. Balzola Foods*, 224 U.S.P.Q. 85, 87 (S.D. Fla. 1984).

Schaeffler has established these five requisite elements of a statutory trademark infringement claim. Schaeffler is the owner of numerous federal registrations for the trademark *FAG®*. Defendants are importing and offering for sale, in commerce, bearing products displaying the identical term "FAG" without Schaeffler's consent. These activities are clearly likely to cause confusion in the minds of the purchasing public and trade as to the source of Defendants' products.

For a trademark owner to prove infringement and succeed on its claim, "[t]he key issue . . . is whether an appreciable number of consumers are likely to be misled or confused about the source of the product in question." *Nikon Inc. v. Ikon Corp., 987 F.2d 91, 94 (2d Cir. 1993); see Centaur Communications Ltd. v. A/S/M Communications, Inc.*, 830 F.2d 1217, 1222 (2d Cir. 1987); *see also Tally-Ho*, 899 F.2d at 1029. In this instance, there is no question that the term "FAG" which appears on the packaging and products for the bearing products imported by Defendants is the same as, and thus confusingly similar in both sound and appearance, to Schaeffler's registered *FAG®* trademark. As a result, a likelihood of confusion exists as to the source of the products bound for Defendants' warehouse here in Miami.

In evaluating whether there is likelihood of confusion, the Eleventh Circuit and this district weigh the following seven factors as set forth in *Ambrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1538 (11th Cir. 1985), *cert. denied*, 481 U.S. 1041 (1987); *CPC Int'l*, 224 U.S.P.Q. at 87-88:

      (a)    the strength of the plaintiff's mark;

      (b)    the similarity of the marks at issue;

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX


LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

(c)   the similarity of the products the marks represent;

(d)   the similarity of the parties' retail outlets and customers;

(e)   the nature of the parties' advertising;

(f)   the defendant's intent; and

(g)   the extent of actual confusion.

No single factor is determinative by itself to establish likelihood of confusion, *see Playboy Enter. Inc. v. Frena*, 839 F.Supp.1552, 1560 (M.D. Fla. 1993), but all seven factors should be considered "to ensure that the determination [of likelihood of confusion] is made in light of the totality of the circumstances." *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1488 (11th Cir. 1987).

(a)   *Schaeffler's FAG® Trademark Is Strong*

The *FAG®* trademark is arbitrary and distinctive and has been registered and extensively used by Schaeffler to identify itself as the source of the bearing products associated therewith. As such, it is entitled to a wide scope of protection. *Freedom Savings & Loan Assoc. v. Way*, 757 F.2d 1176, 1182 (11th Cir.), *cert. denied*, 474 U.S. 845 (1985).

(b)   *The Similarity Of The Marks*

There can be no question as to the similarity of the marks here. The images shown in the Peakovic Declaration clearly depict the identical FAG name on packaging for products that, based on Schaeffler's examination, are counterfeit or are non-genuine Schaeffler-produced bearings. The degree of similarity between the marks involves an inquiry into the "overall impression conveyed by the mark and not a dissection of individual features." *CPC Int'l*, 224 U.S.P.Q. at 88 (quoting *Sun Fun Prods., Inc. v. Suntan Research & Dev. Inc.*, 565 F.2d 186, 213 (5th Cir. 1981)). Here there can be no question as to the identity of the names.

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 3RD STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX


LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

(c)     *The Similarity Of The Products*

In this instance, the products being imported and offered by Defendants are substantially identical to the types of products sold by Schaeffler under the *FAG®* trademark. Although there are slight differences in the construction of the products, the products imported by Defendants are bearing products that have been marketed as actual Schaeffler bearings. Moreover, to the extent there are slight differences between the parties' products, it is those very differences that give rise to the harm to Schaeffler. "That the products involved are similar is evidence tending to prove the existence of likelihood of confusion." *Ambrit, Inc.*, 812 F.2d at 1541; *Playboy*, 839 F.Supp at 1560.

(d)     *The Similarity Of The Channels of Trade*

Schaeffler sells its bearing products through distributors and to end users of bearings. Defendants are distributors of bearings and sell to end users. Accordingly, the channels of trade are identical and this factor weighs in favor of Schaeffler.

(e)     *The Defendants' Bad Faith*

The strength of the Schaeffler *FAG®* trademark renders the idea of innocent adoption by Defendants of the term inconceivable. Regardless, however, Defendants' bad faith is manifested through their efforts to import counterfeit FAG®-branded bearings in the face of their prior agreement not to do so. Again, this factor favors Schaeffler.

(f)     *The Extent Of Actual Confusion*

A lack of provable, actual consumer confusion does not weigh against a finding of likelihood of confusion. *Abbott Labs. v. Unlimited Beverages, Inc.*, 30 U.S.P.Q.2d 1803 (S.D. Fla. 1993) (Preliminary injunction granted where there was no direct evidence of likelihood of confusion); *see also Playboy*, 839 F.Supp. at 1561; *CPC Int'l.*, 224 U.S.P.Q. at 89; and *E. Remy Martin & Co.*, 756 F.2d at 1529-1530. As described in the Second Declaration of Antun

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX


LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

Peakovic, United States Customs & Border Protection believed that the bearings imported by Defendants could be Schaeffler products. As a result, USCBP seized therm. Irrespective of this, however, the idea here is to prevent actual confusion from occurring. To do that Defendants' must be prevented from distributing any *FAG®*-branded (or other Schaeffler products in their possession.

Accordingly, when all of these factors are considered in light of the evidence submitted by Schaeffler, the likelihood of confusion created by Defendants' use -- by importing offering for sale, selling and exporting counterfeit or otherwise unauthorized bearings displaying the term "FAG", is clear and unequivocal. As explained in *Rubber Specialty, Inc.*, "Defendant's unauthorized use of the identical mark for the identical services in the same market is bound to cause substantial confusion in the minds of consumers. . .". 195 U.S.P.Q. at 802. The likelihood of confusion here likewise is substantial. Hence this court should grant Schaeffler's request for an injunction based on Defendants' violation of Section 32 of the Lanham Act.

## IV.   SCHAEFFLER IS ALSO ENTITLED TO AN INJUNCTION UNDER SECTION 43(a) OF THE LANHAM ACT

Schaeffler is also entitled to an injunction against Defendants' importation, distribution and sale of bearing products displaying any term which is a colorable imitation of Schaeffler's *FAG®* trademark by virtue of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).[3] This section creates a federal cause of action when one business entity "palms off" its

---

[3]     Section 43(a) states in relevant part:

(a) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false or misleading description of fact, or false or misleading representation of fact, which -

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX


LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

products as those of another. *See Boston Prof. Hockey*, 510 F.2d at 1010; *Playboy*, 839 F. Supp. at 1562. The determinative question in a Section 43(a) case is whether the public is likely to be deceived or confused into believing that defendant's product emanates from or has been endorsed by the plaintiff. *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 382 (5th Cir. 1977).

In this case, such a likelihood of confusion exists as a result of Defendants' importing, offering for sale, sale, exporting and distribution of counterfeit or otherwise unauthorized bearing products displaying the term "FAG" which is substantially identical and confusingly similar to Schaeffler's *FAG®* trademark. The use by Defendants of this term will deceive the public into believing its products emanate from, are sponsored or licensed by, or are authorized by Schaeffler. Defendants' activities therefore constitute unfair competition under Section 43(a) of the Lanham Act and should be enjoined.

## V.   THE BALANCE OF HARDSHIPS TIPS DECIDEDLY IN SCHAEFFLER'S FAVOR AND SCHAEFFLER HAS RAISED SERIOUS AND SUBSTANTIAL QUESTIONS ON THE MERITS

On motions for interlocutory relief courts inquire into the relative magnitude of the injury to the respective parties and, upon finding that the balance of hardships tips decidedly

---

(con't.)
> (1) is likely to cause confusion , or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person,
>
> *   *   *
>
> shall be liable in a civil action . . . .

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

in favor of the moving party, do not require as clear a showing of likelihood of success on the merits. *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197 (2d Cir. 1970).

The balance of hardships here is decidedly in Schaeffler's favor. Schaeffler is seeking to protect a long-term and substantial investment in the *FAG®* trademark and the goodwill appurtenant to it, deriving from years of use of the trademark on bearing products of the type presently being offered by Defendants. Defendants have already agreed not to import or otherwise trade in *FAG®*-branded products and have breached that obligation. Clearly there is no equity in Defendants' favor.

## VI.    THE PUBLIC INTEREST
## REQUIRES PRELIMINARY RELIEF

In cases of trademark infringement and unfair competition, courts commonly protect the public interest against confusion and deception by issuing a preliminary injunction. *Abbott Labs.,* 30 U.S.P.Q.2d at 1806; *Burger King Corp. v. Lee*, 766 F. Supp. 1149, 1157 (S.D. Fla. 1991); *CPC Int'l*, 224 U.S.P.Q. at 89; *Rubber Specialty Inc.,* 195 U.S.P.Q. at 802.

To the extent Defendants are currently offering for sale counterfeit *FAG®*-branded products, consumers right now are being confused and deceived and will continue to be confused and deceived into believing that such bearing products are Schaeffler products or that such products are in some way sponsored by, approved by, or associated with Schaeffler. This, of course, is in addition to the fact that Defendants' have already breached their obligations under the Settlement Agreement. The public interest therefore compels the grant of an injunction against Defendants. Nothing in the record indicates that the public would be disserved if it were to be barred from purchasing non-authentic bearing products carrying the "FAG" name from Defendants until this case proceeds to a full trial on the merits. *See E. Remy Martin*, 756 F.2d at 1534.

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX


LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

## VII.   SCHAEFFLER WILL BE SERIOUSLY
##         AND IRREPARABLY DAMAGED IF A
##         AN INJUNCTION DOES NOT ISSUE

Infringement of trademarks is, by its very nature, an activity that causes irreparable injury to the originator and rightful owner of the trademark.  The rule in this Circuit is that the public confusion rendered by a defendant's acts of trademark infringement is an injury that is "by its very nature, an activity which causes irreparable harm." *Rubber Specialty, Inc.*, 195 U.S.P.Q. at 802.

This Circuit, and particularly the Southern District of Florida, has consistently held that irreparable injury could be presumed as a matter of law where a substantial likelihood of success on the merits, and a showing of likelihood of confusion, and therefore trademark infringement, was established. *See, e.g., Tally-Ho*, 889 F.2d at 1018; *E. Remy Martin*, 756 F.2d at 1530, n.14.

Schaeffler has built up valuable goodwill in its *FAG®* trademark by its long-term use and sales of bearing products sold under the trademark.  Schaeffler owns federal registrations for its *FAG®* trademark and has taken great pains to insure the identification of the *FAG®* trademark with itself.  "A brand name achieves value and goodwill, in part, because the consumer knows from experience that the brand represents a certain quality in the product." *CPC Int'l*, 224 U.S.P.Q. at 89.  By depriving Schaeffler of the ability to control its own reputation and the nature and quality of Defendants' goods, Defendants inflict serious harm upon Schaeffler. *See CPC Int'l*, 224 U.S.P.Q. at 89.  Moreover, since the bearing products sold by Schaeffler under the *FAG®* trademark are often vital components of items such as automobiles, planes and trains, an inferior bearing could have disastrous consequences and thus to the extent the failed part is perceived to have originated with Schaeffler (by virtue of the "FAG" trademark), Defendants' use of a confusingly similar mark further subjects Schaeffler to the

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX


LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

threat of irreparable harm.  *Id.*  All of this, of course, is in addition to the fact that Defendants

have breached their obligations under the Settlement Agreement.

Schaeffler submits that any inconvenience to Defendants by the granting of an

injunction under the facts presented here is far outweighed by the very real and extensive harm

that its acts of trademark infringement and unfair competition have inflicted on Schaeffler.  The

terms of the Court's injunction should be immediate and far-reaching, precluding all further sales

of products bearing Schaeffler's *FAG*® trademark or any colorable imitation thereof, pending a

trial on the merits.

Defendants' continued acts of trademark infringement and unfair competition

threaten Schaeffler's investment in its *FAG*® trademark with irreparable, incalculable and

immediate injury by confusing the public as to the source of Defendants' bearing products.  This

destroys the essence of Schaeffler's goodwill and the unique public identification of the *FAG*®

trademark with Schaeffler.

## VIII.  SCHAEFFLER IS ENTITLED TO AN *EX PARTE* TEMPORARY RESTRAINING ORDER AND ACCELERATED DISCOVERY

Rule 65(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that

a temporary restraining order may be granted without written or oral notice to the opposing party

or that party's counsel where "it clearly appears from specific facts shown by affidavit . . . that

immediate and irreparable injury, loss, or damage will result to the applicant before the adverse

party or that party's attorney can be heard in opposition. . . ." Fed. R. Civ. P. 65(b)(1). This is

such a case.

The facts present in this case warrant the issuance of an *ex parte* temporary

restraining order by this Court.  *See e.g., Fimab-Finanziaria Maglificio Biellese Fratelli Fila,*

*S.p.A v. Kitchen,* 548 F.Supp. 248, 250 (S.D. Fla. 1982) (and cases cited therein) (hereinafter

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

"FILA I"), *Fimab-Finanziaria Maglificio Biellese Fratelli Fila, S.p.A v. Helio Import/Export, Inc.*, 601 F.Supp. 1 (S.D. Fla. 1983) (and cases cited therein) (hereinafter, "FILA II"); *CPC Int'l, Inc. v. Albury Sales Co., Inc.*, 504 F.Supp. 549 (S.D. Fla. 1980); *see also*, *Rafaella Sportswear, Inc. v. Flirt, Inc. et al.*, 92 Civ. 7416 (S.D.N.Y. Judge Wood); and *United States Tobacco Co. v. Ed's West*, 84 Civ. 7516, (S.D.N.Y. Judge Sprizzo).

Defendants have already been caught red-handed, so to speak, with counterfeit products. That prior action was resolved by way of a Settlement Agreement, which Defendants have now breached. If Defendants are given notice of Schaeffler's instant motion for a temporary restraining order, they will "dump" or otherwise move any infringing products in their current possession, custody or control. Schaeffler has no way of determining with certainty Defendants' inventory of merchandise bearing the infringing trademarks and believes that if Defendants receive notice of this proceeding they will unload their inventory before an injunction can be granted, thus preventing Schaeffler from limiting the third party impact of Defendants' activities, resigning Schaeffler to chase after the infringing products in various jurisdictions around the world, and further irreparably injuring Schaeffler's FAG® trademark.

In cases such as this where there is a substantial likelihood of confusion, the court should grant an *ex parte* temporary restraining order to maintain the status quo. *In re Vuitton et Fils S.A.*, 606 F.2d 14 (2d Cir. 1979).

Schaeffler will remain ready to proceed with the Order to Show Cause requested in Schaeffler's motion at any hour convenient to the Court and to Defendants. In the interim, plaintiff seeks to maintain the *status quo* by preventing Defendants from distributing or otherwise moving infringing products now in their possession.

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

Plaintiff further seeks accelerated discovery (a) to physically inventory Defendants' supplies of infringing products, and (b) to determine the identity of the person or persons (i) from whom Defendants obtained these products and (ii) to whom they have transferred such merchandise.

For the foregoing reasons, this case presents those unusual circumstances requiring the issuance of an *ex parte* temporary restraining order.

## IX. THE UNITED STATES MARSHAL SHOULD BE DIRECTED TO SEIZE AND IMPOUND INFRINGING MERCHANDISE AND THINGS RELATING THERETO IN DEFENDANTS' POSSESSION, CUSTODY OR CONTROL

Section 34 of the Lanham Act (15 U.S.C. § 1116) authorizes this Court to direct the United States Marshal to seize and impound all infringing merchandise in Defendants' possession, custody and control in an action arising out of a violation of Section 32(1)(a).

It is essential that any infringing merchandise in Defendants' possession be seized and impounded to prevent the shipment, concealment or destruction of such goods by Defendants. It is similarly important that Schaeffler, in conjunction with the U.S. Marshal, be permitted to seize the documentation relating to the origin and acquisition of such products, as well as the sale of any Schaeffler products formerly in Defendants' possession. While notice has traditionally been considered an element of procedural due process, *Fuentes v. Shevin*, 407 U.S. 67, *reh'g denied*, 409 U.S. 902 (1972), the Supreme Court of the United States has recognized that "there may be cases in which [plaintiff] could make a showing of immediate danger that [defendants] will destroy or conceal disputed goods." *Id.* at 93.

Here, where we have Defendants who have already been found to be in possession of infringing goods, who have violated a Settlement Agreement by making subsequent importations of infringing, counterfeit merchandise, the need for an *ex parte* seizure

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

of the sort requested by Schaeffler is all the more apparent.  Clearly, upon notification that this

motion has been filed, Defendants will "dump" any infringing inventory they have in their

possession and will purge any records of such products from their files.  Defendants' clear

incentive is to avoid being caught with product that would further exacerbate their damage

liability under the Settlement Agreement.  If they Defendants are liable for each infringing piece,

then they have the ultimate incentive to get rid of any and all infringing materials by any means

possible.  Given that Defendants' business is the distribution of bearings and products, they

certainly have the connections and ability to unload their inventory on a moment's notice.

Regardless of the price they obtain for their infringing product, they will be better off than if they

are caught (again) with infringing and/or counterfeit *FAG®*-branded products and are subject to

further liability under the Settlement Agreement.

On the other hand, once these products make their way back into the stream of

commerce, it will be next to impossible (and prohibitively expensive) for Schaeffler to chase the

products through every possible downstream chain.  The time to stop the distribution of these

products is right now – while they are in one place, namely in Defendants' possession.  The fact

that Defendants have been found to have been in possession of infringing products once and that

they have more recently been engaged in importing additional Schaeffler products

notwithstanding their agreement not to do so, provides ample evidence to conclude that it is more

likely than not that additional products will be on-site in their warehouse – at least until word of

this motion is leaked.

Schaeffler respectfully submits that under the circumstances the seizure and

impoundment of any and all *FAG®*-branded (and *INA®*- and *LUK®*-branded) products in

Defendants' possession is the only way to preserve Schaeffler's rights and permit it, by

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERGLLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

accelerated discovery, to assess Defendants' infringement.  Under analogous circumstances the courts have not hesitated to direct the United States Marshal to seize and impound infringing merchandise.  *See, e.g., FILA I; see also, Bear U.S.A., Inc. v. A.J. Sheepskin & Leather Outerwear, Inc.*, 95 Civ. 8146 (S.D.N.Y. Order filed December 1, 1995) (Kaplan, L.); *Rafaella Sportswear, Inc. v. Flirt et al.*, 92 Civ. 7416 (S.D.N.Y. Order filed October 9, 1992) (Wood, J.); and *Cartier, Inc. v. Elie Lior and Somersault Inc.*, 81 Civ. 1775 (S.D.N.Y. Order filed March 26, 1981) (Conner, J.).  Similar relief is appropriate here.

While under the circumstances Schaeffler does not believe that a bond is necessary, Schaeffler is willing to post a modest bond in order to conform the Order requested herein under Rule 65 of the Federal Rules of Civil Procedure.  Schaeffler submits that $5,000 would be appropriate.

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 • 305 347 4050 FAX

LASH&GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

29

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 • 954 384 2510 FAX

## CONCLUSION

For the reasons discussed above and in the declarations submitted in support of this motion, plaintiff's request for a temporary restraining order and seizure order, as well as for an Order to Show as to why a Permanent Injunction against Defendants should not issue, should be granted.

Date:   July 20, 2011              By _____

Luca R. Bronzi
Lash & Goldberg L.L.P.
Bank of America Tower,
100 S.E. 2nd Street, Suite 1200
Miami, FL 33131
Tel.:  (305) 347-4040
Fax:  (305) 347-4050
E-mail:  lrbronzi@lashgoldberg. com

Attorneys for Plaintiff
SCHAEFFLER TECHNOLOGIES GMBH & CO., KG

OF COUNSEL:

Lawrence F. Scinto
Timothy J. Kelly
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104
(212) 218-2100

MIAMI TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA  33131-2158
305 347 4040 • 305 347 4050 FAX

LASH &GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA  33331
954 384 2500 • 954 384 2510 FAX